1  LINDA L. SAGER, ESQ.
   Nevada Bar No. 8882
2  lsager@heroldsagerlaw.com
   HEROLD & SAGER
3  550 Second Street, Suite 200
   Encinitas, CA 92024
4  Telephone: (760) 487-1047
5  Facsimile: (760) 487-1064

6  Attorney for Plaintiff NATIONAL UNION FIRE INSURANCE COMPANY OF
7  PITTSBURGH, PA

8               **UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

| | |
|---|---|
| 10  NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | CASE NO. |
| 11 | |
| 12         Plaintiff, | **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S** |
| 13         vs. | **COMPLAINT IN INTERPLEADER** |
| 14  AFFINITYLIFESTYLES.COM, INC.; REAL WATER, INC.; REAL WATER OF | |
| 15  TENNESSEE, LLC; KRISTINA A. ALLAN; ALLON ADAR-BURLA; CATHERINE | |
| 16  BRITTON; PETER ANTHONY | |
| 17  ARAMBULA; STEPHAN BONNAR; GINGER LAND-VAN BUREN; CHERYL | |
| 18  NALLY; VANYA DIAZ; CAROLYN STRONG; KATHLEEN GACIAS; ANDRIA | |
| 19  BORDENAVE; HUNTER BROWN; PAMELA BROWN; KARLA MORENO; | |
| 20  YANIV ITTAH, AS SPECIAL | |
| 21  ADMINISTRATOR OF THE ESTATE OF ADIR ITTAH; MONICA BRANCH NOTO; | |
| 22  STEVEN WADKINS; ARIKA CARRIER, AN INDIVIDUAL, AND ON BEHALF OF | |
| 23  HER MINOR CHILDREN H.C. AND F.C.; RYAN CARRIER, AN INDIVIDUAL, AND | |
| 24  ON BEHALF OF HIS MINOR CHILDREN H.C. AND F.C.; NICOLE CHANG; CARY | |
| 25  MANO; GLEN MORRIS; NIEGAL DAVIS-RICHARD; ABRAHAM ENRIQUE | |
| 26  OLVERA; JAMES J. DELMAR; CRYSTAL CHOBAK; JENNA CONSIGLIO; BLAIN | |
| 27  JONES; TYLER DIELEMAN; CAMILLE | |
| 28  GALLAGHER AND BRYAN GALLAGHER, | |

1

COMPLAINT IN INTERPLEADER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AS GUARDIANS AD LITEM OF THEIR
MINOR CHILD, O.G.; JAMES HU; JEREME
BOTIZ; JUDITH RYERSON, AS SPECIAL
ADMINISTRATIX OF THE ESTATE OF
KATHLEEN RYERSON AND AS HEIR OF
KATHLEEN RYERSON, DECEASED;
RICHARD RYERSON, AS HEIR OF
KATHLEEN RYERSON, DECEASED;
PATRICIA SUTHERLAND, AS HEIR OF
KATHLEEN RYERSON, DECEASED;
KEITH HALEY; RICHARD BELSKY;
YVONNE ARNONE; TIQUIONTE HENRY;
GRAY MAYNARD; CHERI RASMUSSEN;
DANIEL TAYLOR; SANDRA AND BRYAN
ABELE, ON BEHALF OF THEIR MINOR
CHILD T.A.; MYLES HUNWARDSEN;
JAZMIN SCHAFFER; TINA HARTSHORN;
MIRIAM BRODY; CHRISTINA SOSA;
CINDY JONES; JILL RAW,
INDIVIDUALLY AND AS GUARDIAN AD
LITEM OF A MINOR CHILD, L.K.;
KOUROSH KAVEH, INDIVIDUALLY AND
AS GUARDIAN AD LITEM OF A MINOR
CHILD, L.K.; SANTEE WILLIAMS,
INDIVIDUALLY AND AS GUARDIAN AD
LITEM OF TWO MINOR CHILDREN,
L.Y.W. AND L.O.W.; JORGE MORALES,
INDIVIDUALLY AND AS GUARDIAN AD
LITEM OF A MINOR CHILD, S.M.;
JOSEPH TEGANO; RUDY MORALES;
LISA KING; SHELBY KURHANEWICZ;
JOHN KURHANEWICZ; JOSE MARTINEZ;
MONICA VOZZA; LORRAINE A.
KALAYANAPRAPRUIT; LI CHING TAO;
BRUCE PARENT; CHRISTIAN
MORIMANDO; ROBERT L. MCGOVERN;
ANDREA PROKOVA; MATTHEW
GONZALEZ; AGNES ALEKSANDER;
SYLVIA ATANSOVA; CANDICE
SHARAPOV; L.S., A MINOR CHILD, BY
AND THROUGH HIS PARENTS NIKOLAY
AND CANDICE SHARAPOV; Z.S., A
MINOR CHILD, BY AND THROUGH HER
PARENTS NIKOLAY AND CANDICE
SHARAPOV; NIKOLAY SHARAPOV;
NATHAN VINCELETTE; DAISY WEI;
VINCENT LINKE; LORENZO MUNIZ;
BRANDY WREN; CHRISTOPHER BRIAN

COMPLAINT IN INTERPLEADER

1 | WREN; C.N.W., A MINOR CHILD BY AND
2 | THROUGH HIS GUARDIANS AD LITEM
CHRISTOPHER BRIAN WREN AND
3 | EMELY WREN; EMELY WREN; GRACIE
ZIMMERMAN; UNITED NATURAL
4 | FOODS, INC.; UNITED NATURAL FOODS
WEST, INC.; COSTCO WHOLESALE
5 | CORPORATION; KEHE DISTRIBUTORS,
INC.; KEHE DISTRIBUTORS OF NEVADA,
6 | LLC; and DOE ENTITIES 1-100,

7

                Defendants.

8

9          Plaintiff NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

10 ("Plaintiff" and/or "National Union"), by and through its attorney of record, files this Complaint in

11 Interpleader, and alleges the following:

12                              **NATURE OF THIS ACTION**

13          1.     Through this action, National Union seeks to interplead the $5 million aggregate

14 limits of liability of a Commercial Umbrella Policy it issued to defendant Real Water, Inc. ("RWI")

15 because of multiple adverse claims asserted against RWI, the value of which National Union is

16 informed and believes, and, thereon, alleges exceeds the limits of liability of the policy. Multiple

17 personal injury lawsuits have been filed against RWI and Defendant Affinitylifestyles.com, Inc.

18 ("Affinity"), among others, alleging injuries from consuming bottled alkalized water known as

19 "Re²al Water" ("Real Water"), that was manufactured and/or sold by RWI and/or Affinity. Certain

20 of such lawsuits have proceeded to trial wherein the personal injury claimants have been awarded

21 monetary damages against RWI and Affinity. Additional personal injury lawsuits are scheduled to

22 proceed to trial in the upcoming months. On information and belief, these personal injury claimants,

23 along with other claimants involved in the personal injury lawsuits, assert they are entitled to

24 payment from the limits of insurance that National Union interpleads herein.

25                                  **THE PARTIES**

26 **PLAINTIFF**

27          2.     National Union is a Pennsylvania corporation authorized to do business in the State

28 of Nevada, with its principal place of business in New York.

**INSURED AND ASSOCIATED PARTIES**

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant Affinity is and was at all relevant times a corporation organized and existing under the laws of Nevada and with its principal place of business in Nevada.

4.    Plaintiff is informed and believes, and thereon alleges, that Defendant RWI is and was at all relevant times a corporation organized and existing under the laws of Wyoming and with its principal place of business in Nevada.

5.    Plaintiff is informed and believes, and thereon alleges, that Defendant Real Water of Tennessee, LLC ("RWT") is and was at all relevant times a limited liability company organized and existing under the laws of Delaware and with its principal place of business in Arizona.

**PERSONAL INJURY CLAIMANTS**

6.    Plaintiff is informed and believes, and thereon alleges, that Defendant Kristina A. Allan, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

7.    Plaintiff is informed and believes, and thereon alleges, that Defendant Allon Adar-Burla, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

8.    Plaintiff is informed and believes, and thereon alleges, that Defendant Catherine Britton, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

9.    Plaintiff is informed and believes, and thereon alleges, that Defendant Peter Anthony Arambula, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

10.    Plaintiff is informed and believes, and thereon alleges, that Defendant Stephan Bonnar, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

11.    Plaintiff is informed and believes, and thereon alleges, that Defendant Ginger Land-Van Buren, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

12.    Plaintiff is informed and believes, and thereon alleges, that Defendant Cheryl Nally, an individual, is and was at all relevant times a resident of and domiciled in Oregon.

13.    Plaintiff is informed and believes, and thereon alleges, that Defendant Vanya Diaz, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

///

COMPLAINT IN INTERPLEADER

14.     Plaintiff is informed and believes, and thereon alleges, that Defendant Carolyn Strong, an individual, is and was at all relevant times a resident of and domiciled in California.

15.     Plaintiff is informed and believes, and thereon alleges, that Defendant Kathleen Gacias, an individual, is and was at all relevant times a resident of and domiciled in California.

16.     Plaintiff is informed and believes, and thereon alleges, that Defendant Andria Bordenave, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

17.     Plaintiff is informed and believes, and thereon alleges, that Defendant Hunter Brown, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

18.     Plaintiff is informed and believes, and thereon alleges, that Defendant Pamela Brown, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

19.     Plaintiff is informed and believes, and thereon alleges, that Defendant Karla Moreno, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

20.     Plaintiff is informed and believes, and thereon alleges, that Defendant Yaniv Ittah, as special administrator of the Estate of Adir Ittah, is and was at all relevant times a resident of and domiciled in Nevada.

21.     Plaintiff is informed and believes, and thereon alleges, that Defendant Monica Branch Noto, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

22.     Plaintiff is informed and believes, and thereon alleges, that Defendant Steven Wadkins, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

23.     Plaintiff is informed and believes, and thereon alleges, that Defendant Arika Carrier, an individual, and on behalf of her minor children H.C. and F.C., is and was at all relevant times a resident of and domiciled in Nevada.

24.     Plaintiff is informed and believes, and thereon alleges, that Defendant Ryan Carrier, an individual, and on behalf of his minor children H.C. and F.C., is and was at all relevant times a resident of and domiciled in Nevada.

25.     Plaintiff is informed and believes, and thereon alleges, that Defendant Nicole Chang, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

///

COMPLAINT IN INTERPLEADER

26.     Plaintiff is informed and believes, and thereon alleges, that Defendant Cary Mano, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

27.     Plaintiff is informed and believes, and thereon alleges, that Defendant Glen Morris, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

28.     Plaintiff is informed and believes, and thereon alleges, that Defendant Niegal Davis-Richard, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

29.     Plaintiff is informed and believes, and thereon alleges, Abraham Enrique Olvera, is and was at all relevant times a resident of and domiciled in Nevada.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendant James J. Delmar, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendant Crystal Chobak, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendant Jenna Consiglio, an individual, was at all relevant times a resident of Nevada and is currently a resident of and domiciled in North Dakota.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendant Blain Jones, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

34.     Plaintiff is informed and believes, and thereon alleges, that Defendant Tyler Dieleman, an individual, was at all relevant times a resident of California and is currently a resident of and domiciled in New York.

35.     Plaintiff is informed and believes, and thereon alleges, that Defendants Camille Gallagher and Bryan Gallagher, as guardians ad litem of their minor child, O.G., island were at all relevant times residents of and domiciled in Nevada.

36.     Plaintiff is informed and believes, and thereon alleges, that Defendant James Hu, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

37.     Plaintiff is informed and believes, and thereon alleges, that Defendant Jereme Botiz, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

///

COMPLAINT IN INTERPLEADER

38.     Plaintiff is informed and believes, and thereon alleges, that Defendant Judith Ryerson, as Special Administratix of the Estate of Kathleen Ryerson and as heir of Kathleen Ryerson, deceased, is and was at all relevant times a resident of and domiciled in Nevada.

39.     Plaintiff is informed and believes, and thereon alleges, that Defendant Richard Ryerson, as heir of Kathleen Ryerson, deceased, is and was at all relevant times a resident of and domiciled in Wisconsin.

40.     Plaintiff is informed and believes, and thereon alleges, that Defendant Patricia Sutherland, as heir of Kathleen Ryerson, deceased, is and was at all relevant times a resident of and domiciled in Nevada.

41.     Plaintiff is informed and believes, and thereon alleges, that Defendant Keith Haley is and was at all relevant times a resident of and domiciled in Nevada.

42.     Plaintiff is informed and believes, and thereon alleges, that Defendant Richard Belsky, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

43.     Plaintiff is informed and believes, and thereon alleges, that Defendant Yvonne Arnone, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

44.     Plaintiff is informed and believes, and thereon alleges, that Defendant Tiquionte Henry, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

45.     Plaintiff is informed and believes, and thereon alleges, that Defendant Gray Maynard, an individual, is and was at all relevant times a resident of and domiciled in Michigan.

46.     Plaintiff is informed and believes, and thereon alleges, that Defendant Cheri Rasmussen, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

47.     Plaintiff is informed and believes, and thereon alleges, that Defendant Daniel Taylor, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

48.     Plaintiff is informed and believes, and thereon alleges, that Defendants Sandra and Bryan Abele, on behalf of their minor child T.A., are and were all relevant times residents of and domiciled in Nevada.

49.     Plaintiff is informed and believes, and thereon alleges, that Defendant Myles Hunwardsen, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

COMPLAINT IN INTERPLEADER

50.    Plaintiff is informed and believes, and thereon alleges, that Defendant Jazmin Schaffer, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

51.    Plaintiff is informed and believes, and thereon alleges, that Defendant Tina Hartshorn, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

52.    Plaintiff is informed and believes, and thereon alleges, that Defendant Miriam Brody, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

53.    Plaintiff is informed and believes, and thereon alleges, that Defendant Christina Sosa, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

54.    Plaintiff is informed and believes, and thereon alleges, that Defendant Cindy Jones, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

55.    Plaintiff is informed and believes, and thereon alleges, that Defendant Jill Raw, individually and as guardian ad litem of a minor child, L.K., is and was at all relevant times a resident of and domiciled in Nevada.

56.    Plaintiff is informed and believes, and thereon alleges, that Defendant Kourosh Kaveh, individually and as guardian ad litem of a minor child, L.K., is and was at all relevant times a resident of and domiciled in Nevada.

57.    Plaintiff is informed and believes, and thereon alleges, that Defendant Santee Williams, individually and as guardian ad litem of two minor children, L.Y.W. and L.O.W., is and was at all relevant times a resident of and domiciled in Nevada.

58.    Plaintiff is informed and believes, and thereon alleges, that Defendant Jorge Morales, individually and as guardian ad litem of a minor child, S.M., is and was at all relevant times a resident of and domiciled in Nevada.

59.    Plaintiff is informed and believes, and thereon alleges, that Defendant Joseph Tegano, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

60.    Plaintiff is informed and believes, and thereon alleges, that Defendant Rudy Morales, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

61.    Plaintiff is informed and believes, and thereon alleges, that Defendant Lisa King, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

COMPLAINT IN INTERPLEADER

62.    Plaintiff is informed and believes, and thereon alleges, that Defendant Shelby Kurhanewicz, an individual, is and was at all relevant times a resident of and domiciled in California.

63.    Plaintiff is informed and believes, and thereon alleges, that Defendant John Kurhanewicz, an individual, is and was at all relevant times a resident of and domiciled in California.

64.    Plaintiff is informed and believes, and thereon alleges, that Defendant Jose Martinez, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

65.    Plaintiff is informed and believes, and thereon alleges, that Defendant Monica Vozza, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

66.    Plaintiff is informed and believes, and thereon alleges, that Defendant Lorraine A. Kalayanaprapruit, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

67.    Plaintiff is informed and believes, and thereon alleges, that Defendant Li Ching Tao, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

68.    Plaintiff is informed and believes, and thereon alleges, that Defendant Bruce Parent, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

69.    Plaintiff is informed and believes, and thereon alleges, that Defendant Christian Morimando, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

70.    Plaintiff is informed and believes, and thereon alleges, that Defendant Robert L. McGovern, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

71.    Plaintiff is informed and believes, and thereon alleges, that Defendant Andrea Prokova, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

72.    Plaintiff is informed and believes, and thereon alleges, that Defendant Matthew Gonzalez, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

73.    Plaintiff is informed and believes, and thereon alleges, that Defendant Agnes Aleksander, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

74.    Plaintiff is informed and believes, and thereon alleges, that Defendant Sylvia Atansova, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

///

COMPLAINT IN INTERPLEADER

75.     Plaintiff is informed and believes, and thereon alleges, that Defendant Candice Sharapov, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

76.     Plaintiff is informed and believes, and thereon alleges, that Defendant L.S., a minor child, by and through his parents Nikolay and Candice Sharapov, is and was at all relevant times a resident of and domiciled in Nevada.

77.     Plaintiff is informed and believes, and thereon alleges, that Defendant Z.S., a minor child, by and through her parents Nikolay and Candice Sharapov, is and was at all relevant times a resident of and domiciled in Nevada.

78.     Plaintiff is informed and believes, and thereon alleges, that Defendant Nikolay Sharapov, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

79.     Plaintiff is informed and believes, and thereon alleges, that Defendant Nathan Vincelette, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

80.     Plaintiff is informed and believes, and thereon alleges, that Defendant Daisy Wei, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

81.     Plaintiff is informed and believes, and thereon alleges, that Defendant Vincent Linke, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

82.     Plaintiff is informed and believes, and thereon alleges, that Defendant Lorenzo Muniz, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

83.     Plaintiff is informed and believes, and thereon alleges, that Defendant Brandy Wren, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

84.     Plaintiff is informed and believes, and thereon alleges, that Defendant Christopher Brian Wren, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

85.     Plaintiff is informed and believes, and thereon alleges, that Defendant C.N.W., a minor child by and through his Guardians Ad Litem Christopher Brian Wren and Emely Wren, is and was at all relevant times a resident of and domiciled in Nevada.

86.     Plaintiff is informed and believes, and thereon alleges, that Defendant Emely Wren, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

///

COMPLAINT IN INTERPLEADER

87.    Plaintiff is informed and believes, and thereon alleges, that Defendant Gracie Zimmerman, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

**ADDITIONAL CLAIMANTS**

88.    Plaintiff is informed and believes, and thereon alleges, that Defendant United Natural Foods, Inc. ("UNFI") is and was at all relevant times a corporation organized and existing under the laws of Delaware and with its principal place of business in Rhode Island.

89.    Plaintiff is informed and believes, and thereon alleges, that Defendant United Natural Foods West, Inc. ("UNFW") is and was at all relevant times a corporation organized and existing under the laws of California and with its principal place of business in Rhode Island. (UNFI and UNFW are collectively referred to herein as "United Naturals").

90.    Plaintiff is informed and believes, and thereon alleges, that Defendant Costco Wholesale Corporation ("Costco") is and was at all relevant times a corporation organized and existing under the laws of Washington and with its principal place of business in Washington.

91.    Plaintiff is informed and believes, and thereon alleges, that Defendant KeHE Distributors, Inc. ("KeHE Distributors") is and was at all relevant times a corporation organized and existing under the laws of Delaware and with its principal place of business in Illinois.

92.    Plaintiff is informed and believes, and thereon alleges, that Defendant KeHE Distributors of Nevada, LLC, ("KeHE Nevada") is and was at all relevant times a limited liability company organized and existing under the laws of Delaware and with its principal place of business in Illinois. (KeHE Distributors and KeHE Nevada are collectively referred to herein as "KeHE").

93.    National Union alleges that the true names and capacities, whether individual, corporate, associate or otherwise, of the defendants, DOES 1 through 100, inclusive, are unknown to National Union at this time, which therefore files this complaint against said defendants by such fictitious names and will request leave of court to amend this complaint to show the true names and capacities when the same have been ascertained. National Union is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE claims an interest in the insurance limits at issue in this action.

///

COMPLAINT IN INTERPLEADER

**JURISDICTION AND VENUE**

94.     The Court has jurisdiction under 28 U.S.C. § 1335 because: 1) the amount in controversy exceeds $500; and 2) "minimal diversity" exists because two or more adverse claimants are citizens of different states.

95.     Venue is proper in this federal district pursuant to 28 U.S.C. § 1397 because one or more of the claimants reside in this judicial district.

96.     All defendants are subject to personal jurisdiction in this Court pursuant to 28 U.S.C.A. § 2361.

**THE NATIONAL UNION POLICY**

97.     National Union issued Commercial Excess Liability policy no. 015629952, effective from February 4, 2018 to February 4, 2019 to Defendant RWI (the "National Union Policy"). Endorsement No. 14 to the National Union Policy, effective February 20, 2018, amends the limits of insurance of $1 million each occurrence, $1 million general aggregate, and $1 million products-completed operations aggregate to $5 million each occurrence, $5 million general aggregate, and $5 million products-completed operations aggregate.

98.     The National Union Policy contains a Schedule of Underlying Insurance, which identifies Great American E&S Insurance Company ("Great American") Commercial General Liability Policy number PL2258323, effective February 4, 2018 to February 4, 2019, with limits of insurance of $1 million per occurrence, $2 million general aggregate, and $2 million-products completed operations aggregate (the "Great American Policy"). The National Union Policy is excess to the Great American Policy. A true and correct copy of the National Union Policy is attached hereto as Exhibit A.

99.     The National Union Policy provides that National Union will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages by reason of liability imposed by law because of Bodily Injury to which the insurance applies.[1] The National Union Policy further provides that coverage under the National

---

[1] Capitalized words referenced in the National Union Policy are defined terms.

COMPLAINT IN INTERPLEADER

Union Policy follows the terms, definitions, conditions, and exclusions of the Great American Policy, subject to the policy period, limits of insurance, premium, and all other terms, definitions, conditions, and exclusions of the National Union Policy. The National Union Policy further provides that coverage provided by the National Union Policy will not be broader than that provided by the Great American Policy. The Retained Limit to the National Union Policy has not exhausted and as a result, National Union presently owes no duty to defend or indemnify any insured.

100.    The National Union Policy only provides coverage for those sums the Insured becomes legally obligated to pay as damages because of Bodily Injury that is caused by an occurrence, that happens during the policy period, and that is not otherwise excluded, as more fully set forth in the policy.

101.    The National Union Policy provides, as more fully set forth therein, that National Union will have the right and duty to defend any Suit against the Insured that seeks damages because of Bodily Injury covered by the policy when the total applicable limits of Scheduled Underlying Insurance have been exhausted by payment of Loss to which the policy applies and the total applicable limits of Other Insurance have been exhausted.

102.    To date, the total applicable limits of Scheduled Underlying Insurance have not been exhausted by payment of Loss to which the policy applies and the total applicable limits of Other Insurance have not exhausted and as such, National Union has no present duty to defend any Insured as it relates to the Personal Injury Lawsuits (defined infra).

## THE PERSONAL INJURY LAWSUITS

103.    Defendants identified in paragraphs 6 through 87 (hereinafter the "Personal Injury Claimants") have filed personal injury lawsuits against RWI, Affinity, and in certain cases, additional parties, alleging the Personal Injury Claimants suffered injuries from drinking toxic Real Water (hereinafter, the "Personal Injury Lawsuits"). The majority of the Personal Injury Lawsuits were filed in the District Court of Clark County, Nevada.

104.    National Union believes and, on that basis, alleges that the Personal Injury Lawsuits include the following:

///

a. <u>Adar-Burla, et al v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case # A-22-852595-C ("Adar Action")

b. <u>Allen v. Affinitylifestyles.com, Inc., et al</u>
Clark County, Nevada District Court Case # A-23-865372-C ("Allen Action")

c. <u>Arambula v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case # A-21-831557-C ("Arambula Action")

d. <u>Bonnar v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case # A-21-831725-B ("Bonnar Action")

e. <u>Bordenave v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case #A-23-867240-C ("Bordenave Action")

f. <u>Brown v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case #A-21-831776-B ("Brown Action")

g. <u>Carrier v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case #A-21-831687-B ("Carrier Action")

h. <u>Chang v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case #A-21-832269-B ("Chang Action")

i. <u>Chobak v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case #A-23-867324-C ("Chobak Action")

j. <u>Consiglio, et al v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case #A-23-867257-C ("Consiglio Action")

k. <u>Dielmann v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case #A-21-844348-B ("Dielmann Action")

l. <u>Gallagher v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case # A-21-834485-B ("Gallagher Action")

m. <u>Henry v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case #A-21-844176-B ("Henry Action")

n. <u>Hunwarsen v. Affinitylifestyles.com, Inc., et al.</u>
Clark County, Nevada District Court Case #A-21-831543-B (Hunwardsen Action")

COMPLAINT IN INTERPLEADER

o.   Cindy Jones v. Affinitylifestyles.com, Inc., et al.
     Clark County, Nevada District Court Case #A-23-867238-C ("Jones Action")

p.   Kaveh v. Affinitylifestyles.com, Inc., et al. (f/k/a Tegano) ("Kaveh Action")
     Clark County, Nevada District Court Case # A-23-864391-B

q.   King v. Affinitylifestyles.com, Inc., et al.
     Clark County, Nevada District Court Case #A-21-833630-B ("King Action")

r.   Martinez v. Affinitylifestyles.com, Inc., et al.
     Clark County, Nevada District Court Case #A-21-831800-B ("Martinez
     Action")

s.   McGovern v. Affinitylifestyles.com, Inc., et al.
     Clark County, Nevada District Court Case #A-22-855903-C ("McGovern
     Action")

t.   Prokova v. Affinitylifestyles.com, Inc., et al.
     County, Nevada District Court Case # A-21-835721-C ("Prokova Action")

u.   Richt v. Affinitylifestyles.com, Inc., et al.
     Clark County, Nevada District Court Case #A-21-831880-B ("Richt Action")

v.   Sharapov v. Affinitylifestyles.com, Inc., et al.
     Clark County, Nevada District Court Case # A-21-831379-B ("Sharapov
     Action")

w.   Vincelette v. Affinitylifestyles.com, Inc., et al.
     Clark County, Nevada District Court Case # A-21-839848-B ("Vincelette
     Action")

x.   Wei v. Affinitylifestyles.com, Inc., et al.
     Clark County, Nevada District Court Case #A-22-856147-B ("Wei Action")

y.   Wren v. Affinitylifestyles.com, Inc., et al.
     Clark County, Nevada District Court Case #A-21-831169-B ("Wren Action")

z.   Zimmerman v. Affinitylifestyles.com, Inc., et al.
     Clark County, Nevada District Court Case #A-21-834577-C ("Zimmerman
     Action")

105.    National Union is informed and believes, and thereon alleges, that Defendant United Naturals has been named as a party to the Brown, Carrier, Chang, Dielmann, Henry, Hunwardsen, King, Richt, and Wei Actions based on its alleged role in distributing Real Water to one or more of the Personal Injury Plaintiffs named therein.

COMPLAINT IN INTERPLEADER

106.    National Union is informed and believes, and thereon alleges, that Defendant Costco has been named as a party to the Henry, Hunwardsen, Kaveh, Richt, and Wei Actions based on its alleged role in selling Real Water to one or more of the Personal Injury Claimants named therein.

107.    National Union is informed and believes, and thereon alleges, that KeHE has been named as a party to the Brown, Chang, Gallagher, Henry, Hunwardsen, and King Actions based on its alleged role in distributing Real Water to one or more of the Personal Injury Claimants named therein.

108.    National Union is informed and believes, and thereon alleges, that the Brown, Carrier, Gallagher, Henry, Hunwardsen, Wei, and Wren Actions have proceeded to trial and verdicts have been rendered and/or judgments have been entered therein, awarding damages that collectively exceed the limits of insurance to the National Union Policy. These verdicts and/or judgments were rendered and/or entered after the filing of the Affinity Bankruptcy, the RWI Bankruptcy, and the RWT Bankruptcy (defined infra). National Union is informed and believes, and thereon alleges, that one or more of the Personal Injury Claimants with judgments and/or verdicts in their favor assert they were awarded damages for bodily injury occurring during the policy period of the National Union Policy and, therefore, claim entitlement to some or all of the limits of insurance to the National Union Policy.

109.    National Union is informed and believes, and thereon alleges, that at the time of filing this action, the Adar, Allen, Arambula, Bonnar, Bordenave, Chang, Chobak, Consiglio, Dielmann, Jones, Kaveh, King, Martinez, McGovern, Prokova, Richt, Sharapov, Vincelette, and Zimmerman Actions remain pending and have not yet proceeded to trial. National Union is informed and believes, and thereon alleges, that one or more of the Personal Injury Claimants involved in these pending Actions allege damages for bodily injury occurring during the policy period of the National Union Policy and, therefore, claim entitlement to some or all of the limits of insurance to the National Union Policy.

110.    National Union is informed and believes, and thereon alleges, that United Naturals, Costco, and/or KeHE also claim an interest in some or all of the limits of insurance to the National Union Policy.

COMPLAINT IN INTERPLEADER

**BANKRUPTCY PROCEEDINGS**

111.    National Union is informed and believes, and thereon alleges, that on or about August 19, 2021, Affinity filed a Chapter 7 Voluntary Petition for Non-Individuals Filing for Bankruptcy in the United States Bankruptcy Court, District of Nevada, initiating *In re: Affinitylifestyles.com*, Case No. BK-S-21-140990-nmc (the "Affinity Bankruptcy").

112.    National Union is informed and believes, and thereon alleges, that on or about August 19, 2021, RWI filed a Chapter 7 Voluntary Petition for Non-Individuals Filing for Bankruptcy in the United States Bankruptcy Court, District of Nevada, initiating *In re: Real Water, Inc.*, Case No. BK-S-21-14101-nmc (the "RWI Bankruptcy").

113.    National Union is informed and believes, and thereon alleges, that on or about August 19, 2021, RWT filed a Chapter 7 Voluntary Petition for Non-Individuals Filing for Bankruptcy in the United States Bankruptcy Court, District of Nevada, initiating *In re: Real Water of Tennessee, LLC*, Case No. BK-S-21-14102-nmc (the "RWT Bankruptcy").

114.    On August 19, 2021, Ryan A. Anderson (the "Trustee") was appointed as the Chapter 7 Trustee in the Affinity Bankruptcy, the RWI Bankruptcy, and the RWT Bankruptcy.

115.    On or about December 2, 2021, the RWI Bankruptcy and the RWT Bankruptcy were consolidated into the Affinity Bankruptcy (hereafter referred to as the "Real Water Bankruptcy").

116.    National Union is informed and believes, and thereon alleges, that the Personal Injury Claimants in the Adar, Allen, Arambula, Bonnar, Bordenave, Brown, Carrier, Chang, Chobak, Consiglio, Dielmann, Gallagher, Henry, Hunwardsen, Jones, Kaveh, King, Martinez, McGovern, Richt, Sharapov, Vincelette, Wei, Wren, and Zimmerman Actions were granted relief from the automatic bankruptcy stay in the Real Water Bankruptcy, permitting them to proceed with their lawsuits against RWI, Affinity, and/or RWT to liquidate their claims. National Union is informed and believes, and thereon alleges, the relief from stay granted to the Personal Injury Claimants in the Adar, Allen, Arambula, Bonnar, Bordenave, Brown, Carrier, Chang, Consiglio, Dielmann, Gallagher, Henry, Hunwardsen, Kaveh, King, Martinez, McGovern, Richt, Sharapov, Vincelette, Wei, Wren, and Zimmerman Actions was conditioned upon the parties' agreement that: (a) to the extent necessary, Affinity, RWI and/or RWT would only be nominal parties to the action; (b) in the

COMPLAINT IN INTERPLEADER

1   event that an adverse judgment or other adjudication or determination of any liability of Affinity,

2   RWI and/or RWT would be made arising out the action, the claimants will look solely to Affinity's,

3   RWI's and/or RWT's insurance coverage, if any, for any recovery for their alleged claims and

4   damages asserted in the action, and would not seek to enforce any such matter against Affinity, RWI

5   and/or RWT directly; and (c) the claimants waive any and all claims against Affinity, RWI and/or

6   RWT in the Real Water Bankruptcy, or any right to distribution from the Real Water Bankruptcy.

7           117.    The Trustee asserted that policy proceeds, inclusive of the National Union Policy

8   proceeds, were property of the bankruptcy estate. On or about December 11, 2023, National Union

9   entered into a Settlement Agreement and General Release (the "Settlement Agreement") with the

10  Trustee, wherein National Union committed to pay its $5 million aggregate limit in settlement in

11  exchange for a general release of all claims.

12          118.    On or about December 11, 2023, in the Consolidated Bankruptcy Cases, the Trustee

13  filed a Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019

14  ("Trustee's Motion"), seeking an order from the court approving the Settlement Agreement.

15  Multiple parties filed oppositions and/or objections to the Trustee's Motion, including multiple

16  Personal Injury Claimants and defendants United Naturals, KeHE, and Costco.

17          119.    On October 3, 2024, the court in the Consolidated Bankruptcy Cases issued an Order

18  denying the Trustee's Motion (the "Order"). The Court's order stated:

19          Bankruptcy jurisdiction is defined by 28 U.S.C. § 1334. Section 1334(b) provides
            that "district courts shall have original but not exclusive jurisdiction of all civil
20          proceedings arising under title 11, or arising in or related to cases under title 11."
            28 U.S.C. § 1334(b). Under 28 U.S.C. § 1334(e)(1), the bankruptcy court also has
21          exclusive jurisdiction "of all the property, wherever located, of the debtor as of the
            commencement of such case, and of property of the estate." In re Todd, 2015 WL
22          1544585, at *7 (B.A.P. 9th Cir. Apr. 7, 2015). Bankruptcy courts do not, however,
            " . . . have [] jurisdiction over proceedings that have no effect on the estate of the
23          debtor." Id. (citing *Celotex Corp. v. Edwards,* 514 U.S. 300, 308 & n. 6 (1995)).
            **Here, the proposed settlements would have no effect on this administratively**
24          **insolvent chapter 7 estate as there are no debtor or estate assets for the**
            **pertinent insurance policies to protect, and the proceeds of the policies which**
25          **the settlement proposes to be distributed by the trustee pursuant to 11 U.S.C.**
            **§ 726 are not property of the estate**. See Id. at *9. Accordingly, the Court lacks
26          **jurisdiction to rule on the Settlement Motions.** [Emphasis Added].

27

28  ///

1    Accordingly, the court's order found that the proceeds of the National Union Policy are not property

2    of the estate of the Consolidated Bankruptcy Cases.

3        120.    After issuance of the Order, the Settlement Agreement was terminated.

4                            **FIRST CAUSE OF ACTION**

5                        **(Interpleader of Limits of Liability)**

6        121.    Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1

7    through 120, as though fully set forth herein.

8        122.    The judgments and/or verdicts rendered to date in the Brown, Carrier, Gallagher,

9    Henry, Hunwardsen, Wei, and Wren Actions presently exceed the limits of liability to the National

10   Union Policy. National Union is informed and believes, and thereon alleges, that one or more of the

11   Personal Injury Claimants in these Actions claim to be entitled to some or all of the limits of

12   insurance to the National Union Policy.

13       123.    National Union is informed and believes, and thereon alleges, that one or more of the

14   remaining Personal Injury Claimants whose cases have not yet proceeded to trial, including those

15   involved in the Adar, Allen, Arambula, Bonnar, Bordenave, Chang, Chobak, Consiglio, Dielmann,

16   Jones, Kaveh, King, Martinez, McGovern, Prokova, Richt, Sharapov, Vincelette, and Zimmerman

17   Actions, claim to be entitled to some or all of the limits of insurance to the National Union Policy.

18       124.    National Union is informed and believes, and thereon alleges, that United Naturals,

19   KeHE, and Costco claim to be entitled to some or all of the limits of insurance to the National Union

20   Policy.

21       125.    The limits of liability to the National Union Policy are insufficient to satisfy all of

22   the aforementioned competing claims and National Union is unable to determine which of the

23   competing claimants should be entitled to payment, either partially or fully, from the limits of

24   insurance to the National Union Policy.

25       126.    National Union has no interest (except to recover its attorneys' fees and costs in this

26   action) to the limits of insurance to the National Union Policy and requests this Court determine to

27   whom the limits of insurance should be paid.

28   ///

1    127.    National Union will deposit into the registry of the Court the $5 million limits of

2  insurance for disbursement in accordance with the judgment of this Court.

3    WHEREFORE, National Union prays for the following relief:

4    1.    Requiring the defendants to answer this Complaint and litigate their claims between

5  themselves for the limits of insurance to the National Union Policy;

6    2.    Enjoining the defendants from instituting or prosecuting any proceeding in any state

7  or United States court affecting the limits of insurance to the National Union Policy;

8    3.    Requiring that the Defendants settle and adjust between themselves, or upon their

9  failure to do so, this Court settle and adjust the claims and determine to whom the limits of insurance

10  should be paid;

11    4.    An order permitting National Union to deposit the $5 million limit of insurance into

12  the registry of the Court or as this Court otherwise directs to be paid out as this Court shall direct;

13    5.    Discharging National Union from any and all further liability to the defendants

14  relating in any way to the limits of insurance to the National Union Policy upon payment of the $5

15  million limit of insurance into the Court's Registry or as otherwise directed by this Court;

16    6.    Awarding National Union its attorneys' fees and costs in their entirety;

17    7.    An order dismissing National Union from this action with prejudice; and

18    8.    Awarding National Union any other relief as the Court deems just and proper.

19

20  DATED: January 14, 2025                              HEROLD & SAGER

21

22                              By:    /s/ Linda L. Sager
23                                      LINDA L. SAGER, ESQ.
                                        Nevada Bar No. 8882
24                                      Attorney for Plaintiff NATIONAL UNION FIRE
                                        INSURANCE COMPANY OF PITTSBURGH,
25                                      PA

26

27

28

COMPLAINT IN INTERPLEADER