UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA., et al.,

Plaintiffs,

v.

AFFINITYLIFESTYLES.COM, INC. d/b/a
REAL WATER, et al.,

Defendants.

Case No. 2:25-cv-00083-CDS-EJY

**ORDER**

Pending before the Court is Plaintiff-in-Interpleader, National Union Fire Insurance Company of Pittsburgh, Pa.'s Application for Leave to Deposit Funds Into Court Registry (the "Application").[1] ECF No. 63. The Application was filed on February 10, 2025. The only responses in opposition to the Application were filed on June 19, 2025 and September 2, 2025. ECF Nos. 156 at 11-22[2] and 160.[3] As of the September 17, 2024 Status Report received by the Court (ECF No. 167), National Union asserts all Defendants have been served. *Id*. at 5.

---

[1] National Union Fire Insurance Company of Pittsburgh, Pa. is referred to herein as "National Union" or "NUFIC."

[2] The "Limited Opposition" filed by KeHE Distributors of Nevada, LLC and KeHE Distributors, Inc. ("KeHE") is attached to a Motion for Leave (ECF No. 156).

[3] The Response in Opposition at ECF No. 160 was filed on behalf of the "Personal Injury Defendants" (sometimes the "Responding Defendants") represented by Kemp Jones, LLP, who are defined in the Opposition as including Yvonne Arnone; Pamela Brown; Lorraine Kalayanaprapruit; Cheryl Nally; Patricia Sutherland, as heir of Kathleen Mustain Ryerson; Sandra Abele; Trevor Abele; Jose Martinez; Karla Moreno; Glen Morris; Monica Vozza; Daisy Wei; Agnes Aleksander; Vincent Linke; Joseph Tegano; Keith Haley; Judith Ryerson, as Special Administratrix of the Estate of Kathleen Ryerson and as heir of Kathleen Mustain Ryerson; Tiquionte Henry; Myles Hunwardsen; Candice Sharapov; Nikolay Sharapov; L. Sharapov, a minor child, by and through his parents Nikolay and Candice Sharapov; Z. Sharapov, a minor child, by and through her parents Nikolay and Candice Sharapov; Jereme Botiz; Nicole Chang; Cary Mano; Jazmin Schaffer; Christina Sosa; Jorge Morales; S. Morales, a minor child, by and through his father Jorge Morales; Sante Williams; L.O. Williams, a minor child, by and through her mother Sante Williams; L.Y. Williams, a minor child, by and through her mother Sante Williams; Silviya Atanasova; Matthew Gonzalez; James Hu; Cheri Rasmussen; Kathleen Gacias; O. Gallagher, by and through his Guardians Ad Litem, Bryan and Camille Gallagher; Tina Hartshorn; Carolyn Strong; Christopher Brian Wren; Emely Wren; C.N. Wren, a minor child, by and through his Guardians Ad Litem, Christopher Brian Wren and Emely Wren; Yaniv Ittah, as Special Administrator of the Estate of Adir Ittah; Kourosh Kaveh; Jill Raw; L. Kaveh, a minor child, by and through her natural parents Kourosh Kaveh and Jill Raw; Abraham Olvera; Li Ching Tao; Brandi Wren; Jenna Consiglio; Niegal Davis-Richard; Bruce Parent; and Richard Ryerson, as heir of Kathleen Mustain Ryerson. ECF No. 160 at 1 n.1.

National Union's Application asserts that under 28 U.S.C. § 1335 the Court's jurisdiction is established if: (1) the res is valued at $500 or more; (2) two or more adverse claimants are citizens of different states; and (3) the plaintiff deposits the res into the registry of the Court. ECF No. 63 at 4. National Union argues the "res is $5 million, two or more adverse claimants are citizens of different states, and National Union's policy limits are under its control and are available for delivery to the registry of the Court." *Id*. at 5. National Union confirms it "is ready and able to deposit the $5 million at issue in the action into the Court's registry." *Id*.

National Union points to Fed. R. Civ. P. 67(a), which permits a party to deposit money into the Court's registry on notice to every other party and by leave of court. *Id*. NUFIC cites United States District Court for the District of Nevada Local Rule 67-1 requiring the party depositing funds to attach a copy of the order with its deposit. *Id*. Based on the foregoing, National Union seeks an order from the Court permitting it to deposit the $5 million limits of the NUFIC policy at issue into the registry of the Court. *Id*.

The Personal Injury Defendants offer only one argument in opposition to National Union's Application to interplead the policy funds; that is, these Responding Defendants contend National Union "failed to effectuate lawful service of process on many of … [the defendants it has] sued."[4] ECF No. 160 at 5. Based on this single argument, the Personal Injury Defendants conclude "[g]iven that not all parties have been properly served, NUFIC's Application to Deposit is premature and should therefore be denied on that basis …." *Id*.

The Court notes that at the May 6, 2025 scheduling conference, National Union reported that it had filed proofs of service as to all Defendants. Thereafter, on September 2, 2025, three Personal Injury Defendants challenged National Union's proofs of service. *See* ECF No. 159-1. The proofs of service for these three Defendants were filed on February 4, 2025. ECF Nos. 28, 31, 33. Proof of service is *prima facie* evidence that service was properly effected. *S.E.C. v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (internal citation omitted). Such proof "can be overcome only by strong and convincing evidence." *Id*. (internal citation and quote marks omitted).

---

[4] The Opposition separately reiterates its argument presented in the pending Motions to Dismiss. That issue is not before the undersigned and, thus, is not addressed in this Order.

While this issue may be further examined by the Court when it considers the pending Motions to Dismiss, the Court finds the evidence presented demonstrates all Defendants were, presumptively, effectively served. Given that National Union demonstrates presumptive effective service on all Defendants, the Court finds the sole basis for the Personal Injury Defendants' opposition to National Union's Application is moot.

With respect to the Limited Opposition filed by KeHE (ECF No. 156 at 11-22), the Court notes the caption reflects a case filed by Evanston Insurance Company, not National Union (*id*. at 11), KeHE's discussion of facts addresses Evanston (*id*. at 5, 16), and the argument addresses "Evanston's Application." *Id*. at 19. Therefore, it is unclear whether KeHE is opposing National Union's Application at all. *See id*., the Conclusion, at 21. However, for sake of ensuring the issue raised is addressed, the Court states that this Order makes no determination regarding the respective rights to the funds at issue or duties owed by National Union to any Defendant. This Order solely addresses the deposit of funds into the Court's registry. Neither rights to funds nor duties owed under National Union's Commercial Excess Liability Policy No. 015629952 are limited or otherwise impacted by this Order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff-in-Interpleader, National Union Fire Insurance Company of Pittsburgh, Pa.'s Application for Leave to Deposit Funds Into Court Registry (ECF No. 63) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is to accept National Union's deposit of the $5,000,000 policy limits, associated with National Union Commercial Excess Liability Policy No. 015629952, and to deposit the same in an interest bearing account; provided, however, the deposit of funds is **stayed** until such time as the issue of jurisdiction, argued in pending Motions to Dismiss, are decided by the Court. If the Court determines jurisdiction properly lies with the U.S. District Court for the District of Nevada, the stay is automatically lifted—that is, no further order of the Court is required—and National Union is to proceed with the deposit of the funds, which the Clerk of Court must accept.

IT IS FURTHER ORDERED that the Motion for Leave filed by KeHE Distributors of Nevada, LLC and KeHE Distributors, Inc. at ECF No. 156 is GRANTED to the extent addressed above.

Dated this 22nd day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE