UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA,<br><br>                       Plaintiff<br><br>v.<br><br>Affinitylifestyles.com, Inc., et al.,<br><br>                       Defendants | Case No. 2:25-cv-00083-CDS-EJY<br><br>**Order Denying Defendants' Motions to Dismiss and Denying Plaintiff's Motion to Strike**<br><br>[ECF Nos. 75, 159, 165] |

   This is an interpleader action brought by plaintiff National Union Fire Insurance Company of Pittsburgh, PA, against corporate and individual defendants. *See* Compl., ECF No. 1. In February of 2025, fourteen of the defendants[1] moved to dismiss, or in the alternative, stay this action (hereinafter, MTD-1). MTD-1, ECF No. 75. Defendants Lisa King, Arika Carrier, Robert L. McGovern, Gracie Zimmerman, Kristina A. Allan, Blain Jones, and Andrea Prokova move to join MTD-1. ECF Nos. 83, 87, 99 109, 116. National Union filed an opposition to the dismissal motion, and the requests for joinder, on March 4, 2025. MTD-1 Opp'n, ECF No. 105. MTD-1 is fully briefed. Reply, ECF No. 113.

   On September 2, 2025, a second group of defendants[2] filed an untimely motion to dismiss this action (hereinafter, MTD-2). MTD-2, ECF No. 159. National Union filed an opposition to

---

[1] The fourteen defendants are: Gray Maynard, Richard Belsky, Miriam Brody, Daniel Taylor, Lorenzo Muniz, James Delmar, Lorenzo Muniz, Andria Bordenave, Steven Wadkins, Vanya Diaz, Ginger Land-Van Buuren, Hunter Brown, Monica Branch-Noto, and Daisy Wei (hereinafter, "Group 1"). *See* MTD-1, ECF No. 75 at 1 n. 1. Defendants Lisa King (ECF No. 83), Arika and Ryan Carrier (ECF No. 87), Robert L. McGovern, Gracie Zimmerman, Kristina A. Allan (ECF No. 99), Blain Jones (ECF No. 109), and Andrea Prokova's (ECF No. 116) joinders to the motion to dismiss are granted.

[2] The additional defendants are: Yvonne Arnone; Pamela Brown; Lorraine Kalayanaprapruit; Cheryl Nally; Patricia Sutherland, as heir of Kathleen Mustain Ryerson; Sandra Abele; Trevor Abele; Jose Martinez; Karla Moreno; Glen Morris; Monica Vozza; Daisy Wei; Agnes Aleksander; Vincent Linke; Joseph Tegano; Keith Haley; Judith Ryerson, as Special Administratrix of the Estate of Kathleen Ryerson and as heir of Kathleen Mustain Ryerson; Tiquionte Henry; Myles Hunwardsen; Candice Sharapov; Nikolay Sharapov; L. Sharapov, a minor child, by and through his parents Nikolay and Candice Sharapov; Z. Sharapov, a minor child, by and through her parents Nikolay and Candice Sharapov; Jereme Botiz; Nicole Chang; Cary Mano; Jazmin Schaffer; Christina Sosa; Jorge Morales; S. Morales, a minor child, by and through his father Jorge Morales; Sante Williams; L.O. Williams, a minor child, by and through her mother Sante

that motion and a motion to strike it. MTD-2 Opp'n, ECF No. 164; Mot. to strike, ECF No. 165. Having reviewed the briefing, the court has determined no reply is necessary to resolve the motion. For the reasons set forth herein, I grant the joinder, deny the defendants' motions to dismiss, and deny the plaintiff's motion to strike as moot.

I.   Legal authority

   A.  Motions to dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015). The court is "not 'required to accept as true allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

---

Williams; L.Y. Williams, a minor child, by and through her mother Sante Williams; Silviya Atanasova; Matthew Gonzalez; James Hu; Cheri Rasmussen; Kathleen Gacias; O. Gallagher, by and through his Guardians Ad Litem, Bryan and Camille Gallagher; Tina Hartshorn; Carolyn Strong; Christopher Brian Wren; Emely Wren; C.N. Wren, a minor child, by and through his Guardians Ad Litem, Christopher Brian Wren and Emely Wren; Yaniv Ittah, as Special Administrator of the Estate of Adir Ittah; Kourosh Kaveh; Jill Raw; L. Kaveh, a minor child, by and through her natural parents Kourosh Kaveh and Jill Raw; Abraham Olvera; Li Ching Tao; Brandi Wren; Jenna Consiglio; Niegal Davis-Richard; Bruce Parent; and Richard Ryerson, as heir of Kathleen Mustain Ryerson (hereinafter, "Group 2"). *See* MTD-2, ECF No. 159 at 3 n.1.

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim has facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters subject to judicial notice. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014).

### B. Interpleader complaints

The "primary purpose" of an interpleader action is to protect disinterested stakeholders from multiple liability and the expense of several lawsuits. Fed. R. Civ. P. 22; s*ee also Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). "An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010)) (cleaned up); *see also* Fed. R. Civ. P. 22(a); 28 U.S.C. § 1335. Then, "[i]f the district court finds that the interpleader action has been properly brought," in the second stage, "the district court will then make a determination of the respective rights of the claimants." *Id.* (quoting *Mack*, 619 F.3d at 1023–24).

Depositing the disputed funds into the court's registry is also "a jurisdictional requirement to statutory interpleader under 28 U.S.C. § 1335." *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81–82 (9th Cir. 1982). Federal Rule of Civil Procedure 67 "provides the mechanism" for a party to relieve itself of responsibility for a disputed fund by depositing it with the court. *Methven & Associates Professional Corporation v. Paradies-Stroud*, 2014 WL 231654, at *2 (N.D. Cal. Jan. 21, 2014). The decision whether to grant a motion to deposit is committed to the Court's discretion. *Id.* (citation omitted).

However, "[i]n order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F. 3d 887, 894 (9th Cir. 2012). The good-faith standard "is not an onerous requirement." *Id.* (citing 4 James Wm. Moore, Moore's Federal Practice § 22.03[1][c] (3d ed. 1997)). The threshold for establishing good faith is necessarily low as not to conflict with the pragmatic purpose behind interpleader, this is "for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Id.*

## II. Discussion

### A. The motions to dismiss are denied.

As set forth in the complaint, National Union seeks to interplead a $5 million umbrella insurance policy (the Policy) that was issued to Real Water, Inc. (RWI). ECF No. 1 at 3, ¶ 1. RWI, and defendant Affinitylifestyles.com (Affinity), as well as others, have been found liable in numerous personal injury suits and the awards in those suits exceed the limits of liability under the Policy. *Id.* Additional suits are pending. *Id.* The plaintiffs in the personal injury suits all assert that they are entitled to payment from the Policy. *Id.* Accordingly, interpleader is seemingly proper because "there is a single fund at issue" and "there are adverse claimants to that fund." *Hyan v. Liberty Surplus Ins. Corp.*, 2014 WL 12573542, at *4 (C.D. Cal. Dec. 5, 2014) (quotations omitted).

Group 1 moves to the dismiss National Union's interpleader complaint, arguing: (1) National Union failed to properly serve and join indispensable parties; (2) ongoing state court proceedings will adequately resolve the issues presented in the interpleader complaint; (3) the complaint misrepresents it is being threatened with multiple liability; (4) there are serious equitable concerns should this action proceed; and (5) National Union's failure to accept reasonable offers of judgment makes means they are not indifferent between the claimants. *See* ECF No. 75. National Union responds that it properly pled each essential element required

under 29 U.S.C. § 1335 and that Group 1's motion is "nonsensical, factually unsupported, and legally untenable." *See* ECF No. 105 at 3.

First, Group 1's argument that they are entitled to relief because National Union has not served and joined of indispensable parties fails. *See* ECF No. 75 at 9–10. At the time Group 1 filed their dismissal motion, the time to effectuate service had not yet run, so this argument was not ripe and denied accordingly.

Second, Group 1's argument that National Union is not a disinterested stakeholder because "it has incurred independent liability to multiple claimants by failing to accept reasonable offers of judgment is unpersuasive. The crux of Group 1's argument is that National Union is subject to "bad faith claims," so they cannot be a disinterested stakeholder. *See id.* at 13–14. But it is not for this court to decide the merits of bad faith claims against National Union. *See Mack*, 619 F.3d at 1024 ("For interpleader to be held improper based on the merits of the claims being asserted against [the] stakeholder, courts would be required to address the merits of the claims before propriety of the interpleader."). More important to the issues before the court is that even if National Union is liable for bad faith claims, that will be the subject of separate litigation, and any awards associated with such claims would not come from interpleader funds at issue here. Accordingly, this argument does not entitled Group 1 to relief.

Third, Group 1 also argues that this action should be dismissed because of serious equitable concerns, namely the application of the doctrine of applies. ECF No. 75 at 14–16. Laches bars a plaintiff who, "with full knowledge of the facts, acquiesces in a transaction and sleeps upon [their] rights." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950–51 (9th Cir. 2001) (quotations and citations omitted). A defendant is entitled to relief under the doctrine where the defendant proves "both an unreasonable delay by the plaintiff and prejudice to itself." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000); *see also Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1226 (9th Cir. 2012) ("To prove laches, a claimant must show

unreasonable delay and prejudice"). Interpleader may be inappropriate if a claimant asserts laches. *See U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 208 (3d Cir. 1999).

Group 1 argues that National Union's decision to bring this action in 2025, almost four years after it first learned of the competing claims against the policy, is unreasonable. ECF No. 75 at 14. Indeed, as noted in the dismissal motion, National Union did not initiate this action in 2021 when the underlying tort claims came to light, nor in 2023 when multiple claimants made offers of judgment within the policy limit, nor did it initiate this action after several jury trials involving RWI returned billions of dollars in judgments. *Id.* at 13–14. In opposition to those arguments, National Union contends it was not unreasonable in bringing this action, having done so after the bankruptcy court ruled on a motion in October of 2024. ECF No. 105 at 14. It further argues that there is "zero evidence" to support Group 1's argument that they are prejudiced by the delay. ECF No. 105 at 13–14.

I find National Union's years-long delay in initiating this action unreasonable. *Compare Cetera Advisor Networks LLC v. Protective Prop. & Cas. Ins. Co.*, 2020 WL 12602479, at *3 (E.D. Cal. Apr. 10, 2020) (plaintiff interplead disputed funds approximately **two weeks** after learning of competing claims); *United Invs. Life Ins. Co. v. Grant*, 387 F. App'x 683, 688 (9th Cir. 2010) (applying California law and determining that the filing an interpleader action **fifteen months** after receiving a claim and after a minimal, pro forma investigation, was not reasonable as a matter of law), *with In re Tech. Equities Corp.*, 163 B.R. 350, 356 (Bankr. N.D. Cal. 1993) (finding National Union unreasonably delayed filing the interpleader action **for a year** where National Union never contested its liability an at-issue), *and with Macpherson-Pomeroy v. N. Am. Co. for Life & Health Ins.*, 2025 WL 1727092, at *6 (E.D. Cal. June 20, 2025) (determining as a matter of law that North American's delay in interpleading funds from July 2019 to February 2020 was unreasonable in light of the circumstances of underlying facts). Attempts to settle the policy through the bankruptcy court aside, National Union has long known of the judgments issued

against RWI and Affinity, yet it did not bring this claim for years after first learning of the claims and four months after the bankruptcy court decided the settlement motion.

While Group 1 met its burden showing National Union acted unreasonably by waiting to initiate this action, it does not meet its burden showing it is prejudiced by the delay. They contend National Union is attempting to utilize this action as an end-around to facing bad faith liability. *See* ECF No. 75 at 15. But Group 1 themselves recognize this is an untenable argument. As cited in their own motion, interpleader does not shield a stakeholder "from tort liability, nor from liability in excess of the stake" when a stakeholder "may be independently liable to one or more claimants." *Id.* (citing *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1006 (9th Cir. 2012)).[3] And National Union affirmatively represents that they are not seeking discharge of any liability other than that related to the limits of the policy at issue here. *See* ECF No. 105 at 15. Consequently, the doctrine of laches does not apply here. For these reasons, Group 1's motion to dismiss is denied.[4]

### B.  Defendants request for a stay is deferred.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, a district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule . . . does not require that the issues in such [separate] proceedings are necessarily controlling of the action before the court." *Id.* at 863–64. However, "'if there is even a fair possibility that the stay will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d

---

[3] Group 1's argument that National Union has unclean hands fails for the same reason.

[4] Because Group 2's untimely motion to dismiss (ECF No. 159) is premised on the same arguments, I apply the same reasoning and deny that motion. Therefore, National Union's motion to strike Group 2's dismissal motion (ECF No. 165) is denied as moot.

1059, 1066 (9th Cir. 2007) (citation modified) (quoting *Landis*, 299 U.S. at 255)). A district court must weigh the competing interests that may be affected by the granting or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among those competing interests are "the possible damage which may result from the granting of a stay" and "the hardship or inequity which a party may suffer in being required to go forward." *Id.*

Considering those standards, the court finds a stay may be warranted here. However, the court has additional questions regarding the status of the related, pending state court proceedings.[5] The court therefore defers deciding the stay issue until resolving the pending motions to dismiss in related cases: *Ohio Security Insurance Company, et al. v. Affinitylifestyles.com, Inc.*, 2:25-cv-00399-CDS-EJY and *Evanston Insurance Company v. Affinitylifestyles.com, Inc.*, 2:25-cv-00670-CDS-EJY, at which time the court will schedule a status check in all three actions.

### III.   Conclusion

IT IS HEREBY ORDERED that Group 1 and Group 2 defendants' motions to dismiss **[ECF Nos. 75, 159] are DENIED.**

IT IS FURTHER ORDERED that the defendants' joinders **[ECF No. 83, 87, 99, 109, 116] are GRANTED.**

IT IS FURTHER ORDERED that National Union's motion to strike **[ECF No. 165] is DENIED as moot.**

Dated: September 30, 2025

_____
Cristina D. Silva
United States District Judge

---

[5] In referencing "state court proceedings" here, I reference the underlying proceedings that resulted in judgments against RWI and Affinity and not any collateral actions.

8