ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
ERICA D. ENTSMINGER, ESQ.
Nevada Bar No. 7432
**EGLET LAW**
400 South 7th Street, 4th Floor
Las Vegas, Nevada 89101
Telephone: (702) 450-5400
Facsimile: (702) 450-5451
Email: eservice@egletlaw.com
*Attorneys for Lisa King*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Plaintiff,<br><br>vs.<br><br>AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER, a Nevada Corporation, *et. al*,[1]<br><br>Defendants. | Case No.: 2:25-cv-00083-CDS-EJY<br><br>**PUTATIVE DEFENDANT LISA KING'S ANSWER TO NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S COMPLAINT IN INTERPLEADER**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL ON ALL CLAIMS THAT MAY BE SO TRIED** |

Putative Defendant Lisa King, by and through her counsel of record, Robert T. Eglet, Esq. Tracy A. Eglet, Esq., and Erica D. Entsminger, Esq., of the law firm Eglet Law, hereby responds, answers, and asserts affirmative defenses to the Complaint in Interpleader (ECF No. 1) ("Complaint") filed by National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "NUFIC" or "National Union") as follows:

. . .

. . .

---

[1] Pursuant to Federal Rules of Civil Procedure 10(a), the caption has been abbreviated. The full caption is set forth in the Complaint at ECF No. 1.

## I.    GENERAL RESPONSES

1.    This interpleader action does not involve, affect, or otherwise impair any claims, causes of action, and/or rights to damages against National Union related to National Union's independent liability, including, but not limited to, liability for bad faith, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of NRS 686A, breach of the duty to settle, and/or any other tortious conduct (collectively, "Bad Faith Liability"). *See* 9/30/25 Order Deniesing Defendants' Motions to Dismiss [ECF No. 172] (the "9/30/25 Order") at 15 ("[I]nterpleader does not shield a stakeholder from tort liability, nor from liability in excess of the stake when a stakeholder may be independently liable to one or more claimants. And National Union affirmatively represents that they are not seeking discharge of any liability other than that related to the limits of the policy at issue here.") (Citations omitted). Putative Defendant King reserves all rights, remedies, and/or claims that may exist now or in the future against National Union relating to National Union's Bad Faith Liability, which may not be adjudicated as part of any interpleader action and will be pursued separately.

2.    Except as expressly admitted herein, Putative Defendant King denies each and every allegation, statement, and contention in NUFIC's Complaint.

3.    Putative Defendant King specifically denies that NUFIC properly invoked interpleader under 28 U.S.C. § 1335 or FRCP 22, denies that NUFIC is entitled to discharge, and denies that interpleader was filed in good faith.

## II.    SPECIFIC RESPONSES

### NATURE OF THE ACTION

1.    In answering Paragraph 1 of the Complaint, Putative Defendant King objects to the narrative set forth in this Paragraph as compound and in violation of the requirement under the Federal Rules of Civil Procedure that "each allegation must be simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). To the extent a response is required, Putative Defendant King generally admits that multiple lawsuits have been filed by various individuals ("Personal Injury Plaintiffs") against Real Water, Inc. ("RWI"), Affilitylifestyles.com, Inc. ("Affinity"), and other parties alleging injuries from consuming alkalized water sold under the brand name "Real Water," and that certain of these

lawsuits (the "Real Water Actions") have proceeded to trial. Putative Defendant King lacks information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies the same.

## THE PARTIES

2.      In answering Paragraph 2 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

3.      In answering Paragraph 3 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

4.      In answering Paragraph 4 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

5.      In answering Paragraph 5 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

6.      In answering Paragraph 6 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

7.      In answering Paragraph 7 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

8.      In answering Paragraph 8 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

9.      In answering Paragraph 9 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

3

10.    In answering Paragraph 10 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

11.    In answering Paragraph 11 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

12.    In answering Paragraph 12 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

13.    In answering Paragraph 13 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

14.    In answering Paragraph 14 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

15.    In answering Paragraph 15 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

16.    In answering Paragraph 16 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

17.    In answering Paragraph 17 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

18.    In answering Paragraph 18 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

19.    In answering Paragraph 19 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

20.    In answering Paragraph 20 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

21.    In answering Paragraph 21 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

22.    In answering Paragraph 22 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

23.    In answering Paragraph 23 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

24.    In answering Paragraph 24 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

25.    In answering Paragraph 25 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

26.    In answering Paragraph 26 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

27.    In answering Paragraph 27 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

28.     In answering Paragraph 28 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

29.     In answering Paragraph 29 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

30.     In answering Paragraph 30 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

31.     In answering Paragraph 31 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

32.     In answering Paragraph 32 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

33.     In answering Paragraph 33 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

34.     In answering Paragraph 34 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

35.     In answering Paragraph 35 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

36.     In answering Paragraph 36 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

6

37.    In answering Paragraph 37 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

38.    In answering Paragraph 38 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

39.    In answering Paragraph 39 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

40.    In answering Paragraph 40 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

41.    In answering Paragraph 41 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

42.    In answering Paragraph 42 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

43.    In answering Paragraph 43 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

44.    In answering Paragraph 44 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

45.    In answering Paragraph 45 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

EGLET LAW

46.    In answering Paragraph 46 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

47.    In answering Paragraph 47 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

48.    In answering Paragraph 48 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

49.    In answering Paragraph 49 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

50.    In answering Paragraph 50 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

51.    In answering Paragraph 51 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

52.    In answering Paragraph 52 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

53.    In answering Paragraph 53 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

54.    In answering Paragraph 54 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

55.     In answering Paragraph 55 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

56.     In answering Paragraph 56 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

57.     In answering Paragraph 57 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

58.     In answering Paragraph 58 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

59.     In answering Paragraph 59 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

60.     In answering Paragraph 60 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

61.     In answering Paragraph 61 of the Complaint, Putative Defendant Lisa King admits the allegations contained in Paragraph 61.

62.     In answering Paragraph 62 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

63.     In answering Paragraph 63 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

EGLET LAW

9

64.     In answering Paragraph 64 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

65.     In answering Paragraph 65 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

66.     In answering Paragraph 66 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

67.     In answering Paragraph 67 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

68.     In answering Paragraph 68 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

69.     In answering Paragraph 69 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

70.     In answering Paragraph 70 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

71.     In answering Paragraph 71 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

72.     In answering Paragraph 72 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

EGLET LAW

10

73.     In answering Paragraph 73 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

74.     In answering Paragraph 74 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

75.     In answering Paragraph 75 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

76.     In answering Paragraph 76 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

77.     In answering Paragraph 77 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

78.     In answering Paragraph 78 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

79.     In answering Paragraph 79 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

80.     In answering Paragraph 80 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

81.     In answering Paragraph 81 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

EGLET LAW

11

82.    In answering Paragraph 82 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

83.    In answering Paragraph 83 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

84.    In answering Paragraph 84 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

85.    In answering Paragraph 85 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

86.    In answering Paragraph 86 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

87.    In answering Paragraph 87 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

**ADDITIONAL CLAIMANTS**

88.    In answering Paragraph 88 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

89.    In answering Paragraph 89 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

90.    In answering Paragraph 90 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

91.    In answering Paragraph 91 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

92.    In answering Paragraph 92 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

93.    In answering Paragraph 93 of the Complaint, this Paragraph contains no factual allegations to which a response would be required. To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis deny the allegations.

**JURISDICTION AND VENUE**

94.    In answering Paragraph 94 of the Complaint, this Paragraph consists of legal conclusions for which no response is required. To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations. Putative Defendant King expressly reserves the right to contest this Court's jurisdiction, including under 28 U.S.C. § 1335, as interpleader was not properly invoked and several parties were improperly included in this action.

95.    In answering Paragraph 95 of the Complaint, this Paragraph consists of legal conclusions for which no response is required. To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

96.    In answering Paragraph 96 of the Complaint, this Paragraph consists of legal conclusions for which no response is required. To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

**THE NATIONAL UNION POLICY**

97.    In answering Paragraph 97 of the Complaint, the allegations in this Paragraph consist of legal conclusions and/or describe document(s) which speak for themselves. To the

EGLET LAW

extent a response is required, Putative Defendant King generally admits that a policy was issued, but lacks information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies the allegations. Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the referenced document(s) or the law.

98.     In answering Paragraph 98 of the Complaint, the allegations in this Paragraph consist of legal conclusions and/or describe document(s) which speak for themselves. To the extent a response is required, Putative Defendant King generally admits that a policy was issued, but lacks information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies the allegations. Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the referenced document(s) or the law.

99.     In answering Paragraph 99 of the Complaint, Putative Defendant King objects to the narrative set forth in this Paragraph as compound and in violation of the requirement under the Federal Rules of Civil Procedure that "each allegation must be simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). Further, the allegations in this Paragraph describe document(s) which speak for themselves and consist of legal conclusions, including regarding terms, limits, and/or coverage scope, for which no response is required. To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations. Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the referenced document(s) or the law.

100.     In answering Paragraph 100 of the Complaint, the allegations in this Paragraph describe document(s) which speak for themselves and consist of legal conclusions, including regarding terms, limits, and/or coverage scope, for which no response is required. To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations. Putative

Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the referenced document(s) or the law.

101.    In answering Paragraph 101 of the Complaint, the allegations in this Paragraph describe document(s) which speak for themselves and consist of legal conclusions, including regarding terms, limits, and/or coverage scope, for which no response is required.  To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.  Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the referenced document(s) or the law.

102.    In answering Paragraph 102 of the Complaint, the allegations in this Paragraph consist of legal conclusions for which no response is required.  To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

**THE PERSONAL INJURY LAWSUITS**

103.    In answering Paragraph 103, the allegations in this Paragraph consist of legal conclusions and/or describe public court records which speak for themselves. To the extent a response is required, Putative Defendant King generally admits that she filed a lawsuit for injuries she suffered from drinking Real Water against certain parties in the District Court of Clark County, Nevada, but she lacks information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies the allegations.  Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the public court records or the law.

104.    In answering Paragraph 104, the allegations in this Paragraph consist of legal conclusions and/or describe public court records which speak for themselves. Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the public court records or the law.

105.    In answering Paragraph 105, the allegations in this Paragraph consist of legal conclusions and/or describe public court records which speak for themselves. Putative Defendant

King denies any characterization, interpretation, or description by National Union that is inconsistent with the public court records or the law.

106. In answering Paragraph 106, the allegations in this Paragraph consist of legal conclusions and/or describe public court records which speak for themselves. Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the public court records or the law.

107. In answering Paragraph 107, the allegations in this Paragraph consist of legal conclusions and/or describe public court records which speak for themselves. Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the public court records or the law.

108. In answering Paragraph 108, Putative Defendant King object to the narrative set forth in this Paragraph as compound and in violation of the requirement under the Federal Rules of Civil Procedure that "each allegation must be simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). Further, the allegations in this Paragraph consist of legal conclusions and/or describe public court records which speak for themselves. To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations. Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the public court records or the law.

109. In answering Paragraph 109, Putative Defendant King object to the narrative set forth in this Paragraph as compound and in violation of the requirement under the Federal Rules of Civil Procedure that "each allegation must be simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). Further, the allegations in this Paragraph consist of legal conclusions and/or describe public court records which speak for themselves. To the extent a response is required, Putative Defendant King generally admits that her lawsuit for injuries she suffered from drinking Real Water was pending and had not proceeded to trial at the time of the filing of this action, but Putative Defendant King otherwise lacks information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies the allegations. Putative Defendant

King denies any characterization, interpretation, or description by National Union that is inconsistent with the public court records or the law.

110.    In answering Paragraph 110, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

## **BANKRUPTCY PROCEEDINGS**

111.    In answering Paragraph 111, the allegations in this Paragraph describe public court records which speak for themselves. Putative Defendant King denies the allegations, including any characterization, interpretation, or description by National Union, to the extent inconsistent with the referenced documents.

112.    In answering Paragraph 112, the allegations in this Paragraph describe public court records which speak for themselves. Putative Defendant King denies the allegations, including any characterization, interpretation, or description by National Union, to the extent inconsistent with the referenced documents.

113.    In answering Paragraph 113, the allegations in this Paragraph describe public court records which speak for themselves. Putative Defendant King denies the allegations, including any characterization, interpretation, or description by National Union, to the extent inconsistent with the referenced documents.

114.    In answering Paragraph 114, the allegations in this Paragraph describe public court records which speak for themselves. Putative Defendant King denies the allegations, including any characterization, interpretation, or description by National Union, to the extent inconsistent with the referenced documents.

115.    In answering Paragraph 115, the allegations in this Paragraph describe public court records which speak for themselves. Putative Defendant King denies the allegations, including any characterization, interpretation, or description by National Union, to the extent inconsistent with the referenced documents.

116.    In answering Paragraph 116, Putative Defendant King objects to the narrative set forth in this Paragraph as compound and in violation of the requirement under the Federal Rules

of Civil Procedure that "each allegation must be simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). Further, the allegations in this Paragraph consist of legal conclusions and/or describe public court records which speak for themselves. To the extent a response is required, Putative Defendant King generally admits that she and the Trustee entered into an agreement that granted Putative Defendant King two key rights: i) the right to continue pursuing her action in state court and ii) the right to seek recovery from Real Water's insurers, but Putative Defendant King otherwise lacks information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies the allegations. Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the public court records or the law. This interpleader action does not involve, affect, or otherwise impair any claims, causes of action, and/or rights to damages against National Union related to National Union's independent liability, including, but not limited to, claims for Bad Faith Liability. *See* 9/30/25 Order [ECF No. 172] at 15 ("[I]nterpleader does not shield a stakeholder from tort liability, nor from liability in excess of the stake when a stakeholder may be independently liable to one or more claimants. And National Union affirmatively represents that they are not seeking discharge of any liability other than that related to the limits of the policy at issue here.") (Citations omitted).

117.    In answering Paragraph 117, Putative Defendant King objects to the narrative set forth in this Paragraph as compound and in violation of the requirement under the Federal Rules of Civil Procedure that "each allegation must be simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). Further, the allegations in this Paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies the allegations. This interpleader action does not involve, affect, or otherwise impair any claims, causes of action, and/or rights to damages against National Union related to National Union's independent liability, including, but not limited to, claims for Bad Faith Liability. *See* 9/30/25 Order [ECF No. 172] at 15 ("[I]nterpleader does not shield a stakeholder from tort liability, nor from liability in excess of the stake when a stakeholder may be independently liable to one or

18

more claimants.  And National Union affirmatively represents that they are not seeking discharge of any liability other than that related to the limits of the policy at issue here.") (Citations omitted).

118.     In answering Paragraph 118, Putative Defendant King objects to the narrative set forth in this Paragraph as compound and in violation of the requirement under the Federal Rules of Civil Procedure that "each allegation must be simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1).  Further, the allegations in this Paragraph consist of legal conclusions and/or describe public court records which speak for themselves. Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the public court records or the law.  This interpleader action does not involve, affect, or otherwise impair any claims, causes of action, and/or rights to damages against National Union related to National Union's independent liability, including, but not limited to, claims for Bad Faith Liability. *See* 9/30/25 Order [ECF No. 172] at 15 ("[I]nterpleader does not shield a stakeholder from tort liability, nor from liability in excess of the stake when a stakeholder may be independently liable to one or more claimants.  And National Union affirmatively represents that they are not seeking discharge of any liability other than that related to the limits of the policy at issue here.") (Citations omitted).

119.     In answering Paragraph 119, Putative Defendant King objects to the narrative set forth in this Paragraph as compound and in violation of the requirement under the Federal Rules of Civil Procedure that "each allegation must be simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1).  Further, the allegations in this Paragraph consist of legal conclusions and/or describe public court records which speak for themselves. Putative Defendant King denies any characterization, interpretation, or description by National Union that is inconsistent with the public court records or the law.  This interpleader action does not involve, affect, or otherwise impair any claims, causes of action, and/or rights to damages against National Union related to National Union's independent liability, including, but not limited to, claims for Bad Faith Liability. *See* 9/30/25 Order [ECF No. 172] at 15 ("[I]nterpleader does not shield a stakeholder from tort liability, nor from liability in excess of the stake when a stakeholder may be independently liable to one or more claimants.  And National Union affirmatively represents that they are not seeking

19

discharge of any liability other than that related to the limits of the policy at issue here.") (Citations omitted).

120.    In answering Paragraph 120, this Paragraph consists of a legal conclusion to which no response is required.  To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

## FIRST CAUSE OF ACTION

### (Interpleader of Limits of Liability)

121.    In answering Paragraph 121 of the Complaint, Putative Defendant King repeats and incorporates her responses to each of the preceding Paragraphs.

122.    In answering Paragraph 122 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

123.    In answering Paragraph 123 of the Complaint, Putative Defendant King generally denies that all the identified Personal Injury Plaintiffs have not proceeded to trial.  Putative Defendant King lacks information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies the allegations.

124.    In answering Paragraph 124 of the Complaint, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

125.    In answering Paragraph 125 of the Complaint, Putative Defendant King denies that the National Union policy limits apply because National Union rejected an offer of judgment within policy limits.  To the extent that a further response is required to the remaining allegations in this Paragraph, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations and on that basis denies the remaining allegations.

126.    In answering Paragraph 126 of the Complaint, this Paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, Putative Defendant King denies that National Union properly invoked interpleader.

127.    In answering Paragraph 127 of the Complaint, this Paragraph does not contain a factual allegation to which a response is required. To the extent a response is required, Putative Defendant King lacks information sufficient to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations.

128.    In answering the unnumbered Paragraph and seven-subpart prayer for relief following Paragraph 127 of the Complaint, Putative Defendant King is not required to respond to such prayers for relief.  To the extent a response is required, Putative Defendant King denies that NUFIC is entitled to any of the relief requested, including, but not limited to, discharge, dismissal, and attorneys' fees and costs.

129.    Putative Defendant King denies each and every allegation of NUFIC's Complaint to the extent an allegation is not otherwise admitted or denied.

## PRAYER FOR RELIEF

For the foregoing reasons, and as set forth below, Putative Defendant Lisa King prays that NUFIC take nothing by way of its improper interpleader, that the Court dismiss NUFIC's Compliant, and that the Court award Putative Defendant King her attorneys' fees, costs, the relief requested against NUFIC, and any other relief deemed just and proper.

## III.    AFFIRMATIVE DEFENSES

Putative Defendant Lisa King submits the following affirmative defenses. Putative Defendant King reserves the right to raise any claim or defense not asserted herein; the defenses asserted below shall be without prejudice to Putative Defendant's assertion of additional or amended answers, defenses, claims, or arguments.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

NUFIC's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

NUFIC's Complaint is barred by the applicable statute of limitations.

. . .

1

**THIRD AFFIRMATIVE DEFENSE**

2

**(Failure to Satisfy Interpleader Requirements)**

3    NUFIC has failed to meet the statutory and equitable prerequisites for interpleader and

4    therefore is not entitled to relief under 28 U.S.C. § 1335 or otherwise.

5

**FOURTH AFFIRMATIVE DEFENSE**

6

**(Abstention)**

7    The Court should abstain from exercising jurisdiction over this interpleader to avoid

8    interfering with issues pending in parallel state or federal actions.

9

**FIFTH AFFIRMATIVE DEFENSE**

10

**(Laches)**

11    NUFIC's Complaint is barred by the doctrine of laches.

12

**SIXTH AFFIRMATIVE DEFENSE**

13

**(Unclean Hands/Abuse of Process)**

14    NUFIC's Complaint is barred by the doctrine of unclean hands.

15

**SEVENTH AFFIRMATIVE DEFENSE**

16

**(Waiver/Estoppel)**

17    NUFIC's claims are barred by the doctrines of waiver and/or estoppel, as NUFIC

18    unreasonably delayed interpleader and acted inconsistently with its interpleader posture.

19

**EIGHTH AFFIRMATIVE DEFENSE**

20

**(Failure to Name and/or Join Necessary Parties)**

21    NUFIC has failed to name and/or join all necessary parties to this action.

22

**NINTH AFFIRMATIVE DEFENSE**

23

**(Interpleader Does Not Involve or Affect NUFIC's Independent Liability for Bad**

24

**Faith or Other Torts)**

25    This interpleader action does not involve, affect, or otherwise impair any claims, causes of

26    action, and/or rights to damages against National Union related to National Union's independent

27    liability, including, but not limited to, claims for Bad Faith Liability. *See* 9/30/25 Order [ECF No.

28    172] at 15 ("[I]nterpleader does not shield a stakeholder from tort liability, nor from liability in

22

excess of the stake when a stakeholder may be independently liable to one or more claimants. And National Union affirmatively represents that they are not seeking discharge of any liability other than that related to the limits of the policy at issue here.") (Citations omitted).

### TENTH AFFIRMATIVE DEFENSE

#### (Lack of Personal Jurisdiction)

NUFIC has failed to establish personal jurisdiction over Putative Defendant for purposes of this action pursuant to 28 U.S.C. § 2361 or otherwise.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Lack of Subject Matter Jurisdiction)

This Court does not have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335, § 1331, or otherwise.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Improper Joinder)

NUFIC has improperly joined parties who it knew or should have known had no claim to the funds it seeks to deposit.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (NUFIC is Not Entitled to Discharge, Dismissal, or Attorneys' Fees/Costs)

NUFIC has improperly invoked interpleader and is not entitled to discharge, dismissal, or attorneys' fees/costs.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Improper Interpleader)

NUFIC's interpleader is an attempt to exhaust obligations and receive relief not available in an interpleader action.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

#### (Putative Defendant's Attorneys' Fees/Costs)

Putative Defendant is entitled to her attorneys' fees and costs.

. . .

. . .



23

1    **IV.    JURY DEMAND**

2          Putative Defendant King demands a trial by jury on all claims that may be appropriately

3    so tried.

4          Dated this 15th day of October, 2025.

5                                                    **EGLET LAW**

6

7                                                    */s/Erica D. Entsminger, Esq.*
                                                     ROBERT T. EGLET, ESQ.

8                                                    Nevada Bar No. 3402
                                                     TRACY A. EGLET, ESQ.

9                                                    Nevada Bar No. 6419
                                                     ERICA D. ENTSMINGER, ESQ.

10                                                   Nevada Bar No. 7432
                                                     400 South 7th Street, 4th Floor

11                                                   Las Vegas, Nevada 89101

12                                                   Telephone: (702) 450-5400
                                                     Facsimile: (702) 450-5451

13                                                   Email: eservice@egletlaw.com
                                                     *Attorneys for Lisa King*

14



15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**CERTIFICATE OF SERVICE**</u>

2

Pursuant to FRCP 5(b), I hereby certify that I am an employee of EGLET LAW, and on

3 the 15th day of October 2025, I did cause a true and correct copy of the foregoing document

4 **PUTATIVE DEFENDANT LISA KING'S ANSWER TO NATIONAL UNION FIRE**

5 **INSURANCE COMPANY OF PITTSBURGH, PA'S COMPLAINT IN INTERPLEADER**

6 **AND DEMAND FOR JURY TRIAL ON ALL CLAIMS THAT MAY BE SO TRIED**

7 **NOTICE OF APPEARANCE OF COUNSEL** to be filed and served electronically via the

8 Court's CM/ECF system.

9

10                              */s/ Jennifer Lopez*

11                              An Employee of EGLET LAW

12



13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28