UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA,<br><br>Plaintiff<br><br>v.<br><br>Affinitylifestyles.com, Inc. et al.,<br><br>Defendants | Case No. 2:25-cv-00083-CDS-EJY<br><br>**Order Staying National Union's Motion to Dismiss UNFI's Amended Counterclaim, Granting UNFI's Motion to Extend Time, and Denying as Moot National Union's Motion to Dismiss UNFI's Original Counterclaim**<br><br>[ECF Nos. 124, 142, 151] |

Plaintiff National Union Insurance Company of Pittsburgh, PA seeks to interplead $5 million in liability limits of an umbrella policy it issued to defendant Real Water, Inc. Compl., ECF No. 1 at ¶ 1. National Union asserts that the value of several personal injury suits brought against Real Water, among others, exceeds the umbrella policy's liability limits. *Id.* Thus, National Union seeks to interplead the insurance limits, requiring the defendants to litigate their claims to the insurance limits between themselves. *Id.* at 20.

Defendants United Natural Foods, Inc. and United Natural Foods West, Inc. (together, "UNFI") asserted a conditional counterclaim against National Union, seeking declaratory relief and damages. Answer, ECF No. 91 at 19–21. After National Union moved to dismiss the counterclaim (ECF No. 124), UNFI filed an amended counterclaim (ECF No. 132). Again, National Union moved to dismiss the amended conditional counterclaim. ECF No. 142. After the response deadline for that motion passed, UNFI moved to extend the response deadline based on excusable neglect. ECF No. 151. For the reasons stated herein, I deny National Union's motion to dismiss UNFI's counterclaim as moot, grant UNFI's motion to extend time to respond, grant National Union's motion to dismiss UNFI's amended counterclaim, and stay this action until the adversary proceeding in bankruptcy court concludes.

I.  Background

Several claimants brought state tort suits for injuries arising from defected alkaline bottled water. Am. countercl. ECF No. 132 at ¶ 1. UNFI, a distributor of the bottled water, is one of the defendants named in these tort suits. *Id.* As part of the state proceedings, UNFI filed crossclaims and third-party claims for contribution and indemnity against the other named defendants. *Id.* at ¶ 2. Those other defendants eventually filed Chapter 7 bankruptcy petitions, and the bankruptcy court consolidated their estates. *Id.* at ¶¶ 6–7. In turn, UNFI filed a proof of claim to the consolidated estate based on the debtor-defendants' alter ego status and merged liabilities of contribution and indemnity. *Id.* at ¶¶ 8–9.

In bankruptcy court, UNFI initiated an adversary proceeding against National Union and other debtor-defendants seeking declaratory relief under an insurance policy that National Union issued to Real Water. Bankr. compl., Pl.'s Ex. A, ECF No. 142-4. National Union moved to dismiss UNFI's bankruptcy action for lack of subject matter jurisdiction. ECF No. 154 at 9; Bankr. mot. dismiss, Def.'s Ex. A, ECF No. 154-1. The bankruptcy court has not yet ruled on that motion.

After UNFI initiated the adversary proceeding in bankruptcy court, National Union filed a complaint in interpleader with this federal district court. Compl., ECF No. 1. National Union seeks to interplead the liability limits of the insurance policy that it issued to Real Water, alleging that the value of the state tort suit exceeds the policy's liability limits. *Id.* at ¶ 1. That is, the personal injury claimants allegedly assert that they are entitled to payment from the National Union policy for an aggregate amount exceeding the policy limit. *Id.*

UNFI is one of the named defendants in National Union's interpleader action. *Id.* at ¶¶ 88–89. In its answer to the complaint in interpleader, UNFI admits that it has competing claims to the policy limits. Answer, ECF No. 91 at ¶ 110. It also asserts a conditional counterclaim for duty to defend coverage against National Union, seeking damages and a

judicial determination of UNFI's rights under the National Union policy. *Id.* at 19–21. The counterclaim is conditional to the extent that the bankruptcy court dismisses UNFI's claims. *Id.*

After National Union moved to dismiss UNFI's counterclaim, UNFI filed an amended counterclaim—which National Union also moved to dismiss. Mot. dismiss. am. countercl., ECF No. 142. Under Local Rule 7-2(b), UNFI had fourteen days to respond to National Union's motion to dismiss. But UNFI failed to do so, prompting National Union to file a notice of no opposition to the motion to dismiss with the court. Notice, ECF No. 149. In turn, UNFI moved for an extension to respond to National Union's motion. ECF No. 151. And it filed that response a few days later—i.e., one week late. Opp'n, ECF No. 154. National Union replied to UNFI's response, but it did not respond to UNFI's motion to extend time. *See* Reply, ECF No. 155.

## II.     Discussion

There are presently three pending motions in this case: (1) National Union's motion to dismiss UNFI's original counterclaim; (2) National Union's motion to dismiss UNFI's amended counterclaim; and (3) UNFI's motion to extend time to respond to National Union's motion to dismiss UNFI's amended conditional counterclaim. At the outset, I deny National Union's motion to dismiss UNFI's original counterclaim as moot. This is because the amended counterclaim supersedes the original counterclaim. *See Ramirez v. Cnty. of San Bernadino*, 806 F.3d 1002, 1009 (9th Cir. 2014). I also grant UNFI's motion to extend time because that motion is unopposed by National Union. *See* Local Rule 7-2(d). Finally, for the reasons set forth below, I grant National Union's motion to dismiss UNFI's amended counterclaim without prejudice.

### A.  Legal standard for the motion to dismiss

The Federal Rules of Civil Procedure (FRCP) requires the complaint to include "a short and plain statement of the claim" showing that the plaintiff "is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must give fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, neither legal conclusions couched as factual allegations nor a "formulaic recitation of a cause of action's

1 elements will do." *Id.* Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level" when accepted as true. *Id.* at 556. A complaint that meets this pleading threshold "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" or that "recovery is very remote and unlikely." *Id.*

A complaint that fails to state a claim upon which relief can be granted may be dismissed under Rule 12(b)(6) of the FRCP. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**B. National Union's motion to dismiss UNFI's amended conditional counterclaim**

National Union moves to dismiss UNFI's amended counterclaim on the grounds that it impermissibly splits a cause of action, improperly concerns alleged rights under the insurance policy, and mistakenly imposes a duty to defend on National Union. *See* ECF No. 142 at 8–14. UNFI argues that the amended conditional counterclaim does not violate the claim-splitting doctrine because UNFI's bankruptcy action currently faces a motion to dismiss for lack of subject matter jurisdiction, and the counterclaim at issue here is compulsory. ECF No. 154.

District courts have "broad discretion to control their dockets." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). The Ninth Circuit has recognized that plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* This understanding underpins the doctrine of claim-splitting, which allows courts to dismiss or stay a case that involves "the same cause of action" and "the same parties or their privities" as another case. *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022).

The claim-splitting doctrine's purpose is to promote judicial efficiency and protect defendants from needless litigation. *See Adams*, 487 F.3d at 697. Applied here, I find it appropriate to grant National Union's motion to dismiss UNFI's amended counterclaim until the bankruptcy court rules on National Union's motion to dismiss for lack of subject matter jurisdiction. The amended counterclaim is "currently the subject of another pending action"—the adversary in bankruptcy court—and thus not compulsory. *See* Fed. R. Civ. P. 13(a)(2)(A). Allowing it to proceed in this action would violate the claim-splitting doctrine. And the concurrent actions in this court and the bankruptcy court poses res judicata concerns. I therefore grant National Union's motion to dismiss the amended counterclaim without prejudice and stay this action until the bankruptcy proceeding concludes. If the bankruptcy proceedings conclude, and UNFI believes its necessary bring the counterclaim dismissed here, it must file a motion for leave to do so setting forth the reasons why it is necessary to the action. That motion must include a draft of the proposed counterclaim.

### III.    Conclusion

IT IS HEREBY ORDERED that National Union's motion to dismiss UNFI's conditional counterclaim **[ECF No. 124] is denied as moot.**

IT IS FURTHER ORDERED that National Union's motion to dismiss UNFI's amended counterclaim **[ECF No. 142] is granted without prejudice.**

IT IS FURTHER ORDERED that UNFI's motion to extend time to respond **[ECF No. 151] is granted.**

IT IS FURTHER ORDERED that this action is stayed until the bankruptcy proceeding concludes.

Dated: October 30, 2025

_____
Cristina D. Silva
United States District Judge