UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA,<br><br>Plaintiff<br><br>v.<br><br>Affinitylifestyles, et al.,<br><br>Defendants | Case No. 2:25-cv-00083-CDS-EJY<br><br>**Order Denying the Motion to Dismiss the Answer to the Complaint, Motion to Dismiss the Complaint, Motion to Strike the Motion to Dismiss, Motion for Discharge, and Motion to Lift Stay of Case**<br><br>[ECF Nos. 177, 182, 186, 191, 210] |

On October 30, 2025, this court entered an order staying the action until the adversary proceeding pending in the bankruptcy court concludes. Order, ECF No. 176. On April 13, 2026, the bankruptcy court dismissed the adversary proceeding under the abstention doctrine. *See* Order Abstaining and Dismissing Adversary Proceeding, *In re Affinitylifestyles.com*, No. 21-14099-nmc (Bankr. D. Nev. April 13, 2026), Dkt. No. 196. This decision concludes the adversary proceeding and, in turn, lifts the stay in this action. *See* ECF No. 176 at 5. While the stay was active, the parties filed five motions: (1) a motion to dismiss the answer to the complaint, ECF No. 177; (2) a motion to dismiss the complaint, ECF No. 182; (3) a motion to strike, ECF No. 186; (4) a motion for discharge, ECF No. 191; and (5) a motion to lift the stay, ECF No. 210. For the reasons set forth below, I deny as moot the motion to lift the stay and deny without prejudice the remaining motions.

I.      Discussion

"A stay is a temporary suspension of a procedure in a case until the happening of a defined contingency." 1 Am. Jur. 2d Actions § 66. "The issuance of a stay halts all progress of the action, and no additional step may be taken until the stay is removed." *Id.*; *see also Tracy v. Cooley*, 2011 WL 13213899, at *2 (C.D. Cal. Apr. 22, 2011).

Here, the stay was active from October 30, 2025, until April 13, 2026—i.e., the date the bankruptcy court dismissed the first amended complaint in the adversary proceeding. The motions to dismiss were filed on November 4, 2025, and March 6, 2026; the motion to strike was filed on March 20, 2026; and the motion for discharge was filed on April 2, 2026. *See* ECF Nos. 177, 182, 186, 191. Thus, all three motions were filed while the stay was active. These filings therefore usurped the purpose of entering the stay. *See* 1 Am. Jur. 2d Actions § 66. Accordingly, they are dismissed without prejudice. Should the parties wish to re-file their respective motion, they may do so. The new filings, if any, must account for recent developments in the multi-court litigation, including the bankruptcy court's dismissal of the adversary action's first amended complaint.

Further, because the triggering event concluding the stay—that is, the bankruptcy court's dismissal of the adversary action—occurred on April 13, 2026, National Union's motion to lift the stay is moot. Accordingly, that motion is denied.

## II.    Conclusion

IT IS HEREBY ORDERED that National Union's motion to dismiss the answer to the complaint **[ECF No. 177]**, motion to strike the motion to dismiss **[ECF No. 186]**, and motion for discharge, injunction and dismissal and for default judgment **[ECF No. 191] are DENIED without prejudice.**

IT IS FURTHER ORDERED that the debtor defendants' motion to dismiss the complaint **[ECF No. 182] is DENIED without prejudice.**

IT IS FURTHER ORDERED that National Union's motion to lift stay of case **[ECF No. 210] is DENIED as moot.**

Dated: July 15, 2026

_____
Cristina D. Silva
United States District Judge

2